THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA WESTMORELAND, | : |
| Plaintiff, | : |
| v. | : 3:19-CV-2004 |
| | : (JUDGE MARIANI) |
| UNITED STATES OF AMERICA, | : |
| Defendant. | : |

**ORDER**

**AND NOW, THIS _30th_ DAY OF OCTOBER, 2020**, upon review of Magistrate Judge Mehalchick's Report and Recommendation ("R&R") (Doc. 17) for clear error or manifest injustice, **IT IS HEREBY ORDERED THAT** the R&R (Doc. 17) is **ADOPTED** for the reasons stated therein **AS FOLLOWS:**

1. Plaintiff's "Motion for Appointment of Counsel and Reinstatement of Summary Judgement for Good Cause" (Doc. 16) is **DENIED**.[1]

---

[1] As explained by Magistrate Judge Mehalchick, Plaintiff's motion for summary judgment (Doc. 14) was premature, and Plaintiff's current motion to re-instate his motion for summary judgment must fail as any motion for summary judgment remains premature.

With respect to Plaintiff's request for counsel, there is neither a constitutional nor statutory right to counsel for civil litigants. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Rather, pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." The Third Circuit has thus found the district court's appointment of counsel to be discretionary and must be done on a case-by-case basis. *Tabron*, 6 F.3d at 157-158. In this case, upon review of the factors and considerations set forth in *Parham* and *Tabron* that should be considered by courts when reviewing an application to appoint counsel, the Court has determined that Plaintiff's motion should be denied.

2. Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.[2]

3. The Clerk of Court is directed to **CLOSE** the above-captioned action.

                                      Robert D. Mariani
                                      United States District Judge

---

[2] Upon review of the Complaint and other documents filed by Plaintiff, this Court notes that, in addition to the deficiencies noted in the R&R, neither the Complaint nor other documents of record reflect with any clarity what property Plaintiff asserts was lost, stolen, or damaged, nor do they reflect in any manner who allegedly lost/stole/damaged the property, when it was lost/stolen/damaged, or what involvement the government had in the loss/theft/damage of the property. Although this Court would ordinarily provide the *pro se* Plaintiff with an opportunity to amend his Complaint prior to dismissing this action, here, Plaintiff has been given this opportunity and clearly intends to rest upon his initial Complaint. This is evidenced by Plaintiff's decision not to file an Amended Complaint despite the Magistrate Judge's Order permitting him to do so (*see* Doc. 11), and his subsequent request (Doc. 16) that the Court re-instate his motion for summary judgment (Doc. 14). Because Plaintiff has chosen to rest on his initial pleading, permitting him to file an amendment would be futile.